UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gary Debenedetto, | Case No. 20-cv-2221 (MJD/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mr. Carvajal, et al., | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Gary Debenedetto's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the reasons discussed herein, the undersigned recommends that this matter be **DISMISSED without prejudice**, and it is further recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

In an Order dated February 1, 2021, this Court directed Plaintiff to file an amended complaint. (See, Order [Docket No. 3]). Plaintiff's initial pleading was largely illegible. (See, Compl. [Docket No. 1]). It was illegible enough that this Court could not discern the specific factual allegations or legal claims being raised against the Defendants. Rather than recommend immediate dismissal of this action due to the illegibility of the Complaint, Plaintiff was given forty-five days to submit an amended pleading. (See, Order [Docket No. 3]). Plaintiff was forewarned that if he failed to submit the amended pleading, the undersigned would recommend that this action be dismissed without prejudice.

That deadline has now passed, and Plaintiff has not submitted an amended complaint nor sought additional time to do so. In fact, Plaintiff has not communicated with the Court about this case at all since commencing this action. Consequently, the Court finds that Plaintiff has failed to comply with this Court's February 1, 2021, Order.

This Court, as a general matter, is reluctant to recommend dismissal solely on the basis of illegibility. But Plaintiff has been offered an opportunity to provide a legible document, and he has failed to even attempt to do so. The purpose of a pleading is put the Defendants on notice of the claims being raised against them as part of the litigation. An illegible Complaint cannot serve that purpose, and Defendants cannot be expected to fairly respond to a pleading that they cannot understand.

Accordingly, this Court now recommends that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with this Court's February 1, 2021, Order. <u>See</u>, <u>Henderson v. Renaissance Grand Hotel</u>, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). This recommendation of dismissal renders moot Plaintiff's IFP application, and thus, it is further recommended that Plaintiff's IFP application be denied as moot.

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with this Court's February 1, 2021, Order; and

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.

Dated: March 30, 2021                          s/Leo I. Brisbois
                                               Hon. Leo I. Brisbois
                                               United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).